UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOSEPH SANTOS, IV, | No. 1:25-cv-01576-KES-FJS (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| v. | |
| BRIAN CATES, Warden, | Doc. 13 |
| Respondent. | |

Petitioner Anthony Joseph Santos, IV, is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 17, 2026, the assigned magistrate judge issued findings and recommendations to deny the petition on its merits. Doc. 13. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. On April 13, 2026, petitioner filed objections to the findings and recommendations. Doc. 15.

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1), the Court has conducted a de novo review of the case.  Having carefully reviewed the file, including petitioner's objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

Petitioner objects to the findings and recommendations as mischaracterizing the petition as protesting the trial court's denial of petitioner's opportunity to present a complete defense. Doc. 15 at 2.  Rather, petitioner argues "that the failure to instruct on imperfect self-defense . . . constituted an incomplete instruction on the malice element of murder in violation of due process."  *Id.*  "A defendant charged with murder is entitled to an instruction on imperfect self-defense if there is substantial evidence to support the theory."  *People v. Schuller*, 15 Cal. 5th 237, 253 (2023).  Substantial evidence in the imperfect self-defense context means a reasonable jury could find the theory applicable.  *Id.* at 262.

Petitioner objects to the magistrate judge's reliance in this federal habeas review on the state court's interpretation of state law because petitioner claims "this case does not turn on a state law issue." Doc. 15 at 4.  Petitioner asserts that "[t]he question is not whether [petitioner] was entitled to some instruction under state law," but whether petitioner "was entitled to an instruction thoroughly defining an essential element of the crime and a fact that the federal Constitution requires the prosecution to prove beyond a reasonable doubt."  *Id.*  Petitioner argues the record does not foreclose the possibility that a reasonable jury could find imperfect self-defense applies.  *Id.* at 12.  He argues:  "By concluding otherwise, both the state court and magistrate effectively applied the substantial-evidence test as if petitioner bore the burden of proving the theory.  That miscalibration conflicts with California's burden-of-proof framework and with the principle that an instruction must be given unless no reasonable jury could possibly find for the defendant."  *Id.*  Petitioner claims that "legal misstep led to the erroneous conclusion that petitioner was not entitled to complete instructions on all elements of the charged crime, in violation of settled federal law."  *Id.*

Under 28 U.S.C. § 2254(d)(2), a petition for writ of habeas corpus will not be granted unless the petitioner can show that the state court's adjudication of his claim "resulted in a

2

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The federal habeas court must give "substantial deference" to the state court. *Brumfield v. Cain*, 576 U.S. 305, 314 (2015). "Factual determinations by state courts are presumed correct" and the petitioner bears the burden of overcoming the presumption with "clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); 28 U.S.C. § 2254(e)(1). If "'[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's ... determination.'" *Wood v. Allen*, 558 U.S. 290, 301 (2010) (alteration in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

The California Court of Appeal determined that, under California law, "the trial court was not required to instruct the jury on imperfect self-defense" because "there is no evidence in the record suggesting that [the victim] was the initial aggressor or that his response to [petitioner's] actions was unlawful." Doc. 13 at 8 (quoting *People v. Santos*, No. F086396, 2025 WL 258809, at *2–3 (Cal. Ct. App. Jan. 21, 2025). The State court considered the evidence and determined that, under California law, no imperfect self-defense jury instruction was required. While petitioner argues a reasonable jury could find imperfect self-defense applies because he "perceived imminent harm at the moment he fired [his gun]," petitioner fails to present clear and convincing evidence to overcome this Court's deference to the state court's findings. Doc. 15 at 9.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El*, 537 U.S. at 335-336 . If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.*; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere

good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The Court finds that reasonable jurists would not find the Court's determination that the petition should be denied debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on March 17, 2026, Doc. 13, are adopted in full;

2. The petition for writ of habeas corpus is denied with prejudice;

3. The Clerk of Court is directed to enter judgment and close the case; and

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   June 16, 2026

_____
UNITED STATES DISTRICT JUDGE